# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUSTIN SAVAGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> HENRY COUNTY SCHOOL DISTRICT, ) <br> ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br> NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Justin Savage ("Plaintiff" or "Savage") respectfully submits the following Complaint:

## INTRODUCTION

Plaintiff brings claims of sexual harassment and retaliation against Henry County School District under Title VII. Plaintiff seeks declaratory and injunctive relief, damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1. Plaintiff's claims under Title VII present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

2. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. §

1391(b), because the Defendant resides in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

3. Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). The Right to Sue was issued on October 19, 2021.

## THE PARTIES

4. Plaintiff is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction. Plaintiff is a former employee of the Henry County School District.

5. Defendant Henry County School District is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e *et seq*.

6. The School District is public school district subject to personal jurisdiction in Georgia. The School District may be served with process by serving the Henry County Board of Education at the following address: 33 N. Zack Hinton Parkway, McDonough, GA 30253.

## FACTUAL ALLEGATIONS

7. Savage became a middle school science teacher at Locust Grove Middle School for the 2020-2021 school year. This appointment was his first teaching job. As such, he was provisionally certified.

8. Feedback from his departmental chair and administrative leaders was very positive shortly after his arrival.

9. Unfortunately for Savage, the seventh-grade assistant principal, Ashley Sellers, very quickly began to target Savage, who taught eighth-grade science, with unwanted sexual attention in August of 2020.

10. Specific examples include, but are not limited to, Sellers placing her breasts on Savage's neck and encroaching on his personal space while he sat at his desk.

11. Sellers made several sexually harassing and unwanted comments towards Savage as well, which included asking: if he was married, if he had children, if he wanted children, and to meet her after work.

12. Sellers would subject Savage to such harassment several times a week for the first few months of his employment.

13. Savage did not welcome Sellers's sexual harassment and refused to meet her after school hours.

14. Savage informed his departmental chair and certification mentor, Christy Collier, about Sellers's inappropriate contact on multiple occasions from September through October 2020. Each time, he was assured that Sellers would be warned about her behavior. Savage also told the eighth-grade assistant principal,

Allison Mayo, about Sellers's misconduct.

15. Finally, on October 21, 2020, because Sellers did not stop harassing Savage, he complained verbally and in writing to the head principal of the school, Kevin Van Tone, as prior complaints to Collier and Mayo remitted no improvement in Sellers's treatment of Savage.

16. Savage complained to Van Tone that he had been sexually harassed by Sellers. Sellers was not placed on administrative leave nor investigated following Savage's complaint.

17. Six days later, on October 27, 2020, the School District placed Savage on administrative leave, and he was told that the sexual harassment complaint he filed was being dismissed without an investigation. Instead, a complaint made against Savage after his complaint was filed was being investigated.

18. Just six weeks later after filing his complaint with Van Tone, on December 18, 2020, the School District terminated Savage's teaching contract.

## COUNT I
### Title VII Sexual Harassment

19. Plaintiff incorporates each of the above factual allegations as if fully restated here.

20. Title VII entitles Plaintiff to equal treatment under the laws regardless of his gender.

21. Defendant School District violated the Plaintiff's rights to equal treatment by, among other things, subjecting him to a sexually harassing and hostile working environment and by taking adverse employment actions against him for refusing to acquiesce to sexual advances. Defendant School District violated his Title VII rights by failing to take reasonable preventative or corrective measures with respect to the unlawful harassing conduct.

22. Defendant School District's conduct constitutes unlawful sexual harassment, based upon gender, in violation of Title VII. Additionally, or in the alternative, Defendant School District's unlawful conduct constitutes sexual harassment culminating in tangible employment actions against the Plaintiff.

23. As a direct and proximate result of the Defendant School District's actions, Plaintiff has suffered damages including garden variety emotional distress, inconvenience, loss of income and benefits, humiliation and other indignities.

## COUNT II
## Title VII Retaliation

24. Plaintiff incorporates each of the above factual allegations as if fully restated here.

25. Title VII prohibits employers from retaliating against employees who report or oppose sexual harassment.

26. Defendant School District unlawfully retaliated against Plaintiff in violation of his rights under Title VII by, among other things, taking adverse employment actions against him because he opposed and/or reported Sellers's sexual harassing behavior. Specifically, Defendant terminated Savage's teaching contract within weeks of his official complaint of sexual harassment.

27. Defendant School District's conduct constitutes unlawful retaliation in violation of Title VII.

28. As a direct and proximate result of the School District's actions, Plaintiff has suffered damages including garden variety emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

a. declaratory judgment that Defendant violated the Plaintiff's rights under Title VII;

b. an injunction prohibiting the Defendant from engaging in such unlawful conduct in the future;

c. full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful denial of promotion and termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

    d.    reinstatement of Plaintiff to his former position with the School District or in the alternative, front pay to compensate Plaintiff for his lost future wages, benefits, and pension;

    e.    compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's Garden variety emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

    f.    reasonable attorneys' fees and costs; and

    g.    other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted on this 14th day of January 2022.

LEGARE, ATTWOOD & WOLFE, LLC

*s/Eleanor Mixon Attwood*
Eleanor Mixon Attwood
Georgia Bar No. 514014
emattwood@law-llc.com
Counsel for Plaintiff